**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL CASE NO. 15-189-WOB-CJS**

**PAUL SHEPHERD** **PLAINTIFF**

**v.** **REPORT AND RECOMMENDATION**

**CAROLYN W. COLVIN, Acting Commissioner of Social Security** **DEFENDANT**

* * * * * * * * * * * * 

Plaintiff Paul Shepherd brings this action under 42 U.S.C. § 405(g) challenging Defendant Commissioner's final decision denying his application for benefits under Title II of the Social Security Act. This matter has been referred to the undersigned for preparation of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore not entitled to benefits. After a thorough review of the administrative record, for the reasons explained herein, it will be **recommended** that Plaintiff's Motion for Summary Judgment (R. 11) be **denied,** and the Commissioner's Motion for Summary Judgment (R. 12) be **granted**.

## I. STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion. *Blakley*, 581 F.3d at 406. "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Id.* (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached. *Id.* (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that he is disabled within the meaning of the Social Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that he is not currently engaged in "substantial gainful activity." *Vance*, 260 F. App'x at 803 (citing 20 C.F.R. § 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate that he suffers from a severe impairment. *Id.* at 803-04. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id.* at 804 (citing 20 C.F.R. § 404.1520(c)). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least 12 months, and the impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1, then the claimant is presumed disabled regardless of age, education, or work experience. *Id.* (citing 20 C.F.R. § 404.1520(d)). Fourth, the claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. *Id.* Lastly, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work that exists in the national economy. *Id.* (citing *Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that claimant can perform other work existing in the national economy. *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Paul Shepherd was fifty-one years old at the time of the ALJ's decision. (Administrative Record (A.R.) 38, 155). He has a sixth grade education and worked as an underground coal miner from 1981 until 2011. (*Id.* at 38-39). He testified that he stopped working in October 2011 because his treating cardiologist told him he could not do "that kind of work" any more, and he began collecting long-term disability benefits. (*Id.* at 39-40). Plaintiff testified that he has had a heart attack, and continues to have problems with chest pains.[1] (*Id.* at 39-44). He also testified he has arthritis, worse in his hands and neck, and sleep apnea. (*Id.*). While counsel argued Plaintiff has some anxiety, Plaintiff testified that he does not receive mental health treatment and does not currently take medication for anxiety.[2] (*Id.* at 44-45).

---

[1]In October 2011, Plaintiff had a left heart catheterization, left ventricular angiogram, and selective coronary anteriogram, which revealed: single vessel disease involving less than 2mm size posterolateral branch of the right coronary artery; mild left ventricular dysfunction with ejection fraction around fifty percent; and patent circumflex artery stent. (A.R. 279-80). The catheterization also showed a small peripheral blockage that is not amenable to stenting. (*Id.* at 263).

[2]Plaintiff testified that he took anxiety medicine at one time, but stopped due to side effects. (A.R. 44-45).

Plaintiff filed an application for disability insurance benefits on January 23, 2012, alleging disability beginning on October 13, 2011. (*Id.* at 155). The claim was denied on May 7, 2012, and again upon reconsideration on July 18, 2012. (*Id.* at 90, 95-97). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge (ALJ) Ronald M. Kayser on May 5, 2014. (*Id.* at 35-64, 100). After receiving testimony and reviewing the record, the ALJ issued a written decision on May 22, 2014, finding Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 11-27).

The ALJ used the five-step sequential process to determine that Plaintiff was not disabled. (*Id.*). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 13, 2011.[3] (*Id.* at 16). At step two, the ALJ determined that Plaintiff had the following severe impairments: "ischemic heart condition, and sleep apnea." (*Id.*). At step three, the ALJ analyzed Plaintiff's impairments individually and in combination and found that Plaintiff did not have an impairment that meets or equals the level of severity set forth in any of the Listings of Impairments under the applicable Federal Regulation and specifically referenced having considered Listings 3.09, 3.10, 4.00 and 12.02. (*Id.*).

At step four, the ALJ considered the evidence and determined that the Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) subject to limitations. (*Id.* at 17). The ALJ stated:

> The claimant can lift/carry 20 pounds occasionally, and 10 pounds frequently. He can stand/walk six hours out of an eight-hour workday. He can sit six hours out of an eight-hour workday. He can perform unlimited pushing/pulling up to the exertional limitations. The claimant should never climb ropes, ladders or scaffolds.

---

[3]The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. (A.R. 16).

> He occasionally can climb ramps/stairs, balance, stoop, crouch, kneel, and crawl. He should avoid exposure to hazardous machinery, unprotected heights, temperature extremes, and concentrated dust, fumes and chemicals.

(*Id*. at 17).

The ALJ then heard testimony from an impartial vocational expert (VE) who stated that based on the RFC provided by the ALJ, Plaintiff could not perform his past relevant work. (*Id.* at 25). The ALJ proceeded to step five and adopted the VE's opinion that given Plaintiff's age, education, work experience and the RFC recited above, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform, namely representative occupations such as press operator and grader and sorter. (*Id.* at 26, 62). Accordingly, based on this testimony, the ALJ determined Plaintiff was not "disabled" for social security purposes. (*Id.* at 26).

On July 21, 2014, Plaintiff appealed the ALJ's decision to the Appeals Council. (*Id*. at 262-66). On October 5, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's May 22, 2014, decision denying Plaintiff benefits the final decision of the Commissioner. (*Id.* at 2-4). Having exhausted his administrative remedies, Plaintiff timely filed a Complaint asserting that the ALJ erred as a matter of law in his decision. (R. 1).

Plaintiff and the Commissioner have filed Motions for Summary Judgment. (R. 11, 12). Plaintiff argues the ALJ erred by: 1) failing to assign greater weight to Plaintiff's treating physicians; 2) relying on a hypothetical question that omitted essential restrictions; and 3) issuing a decision not supported by substantial evidence. (R. 11-1, at 2, 10-20). Each of these arguments is discussed below.

## III. ANALYSIS

### A. The ALJ did not err in the weight he gave to the opinions of the treating physicians.

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinions of his treating physicians, Drs. Skinner and McDougal. (R. 11-1, at 10-15). Dr. Skinner is Plaintiff's cardiologist and Dr. McDougal is his treating family physician. Plaintiff argues that as his treating physicians, the ALJ was required to give the opinions of Drs. Skinner and McDougal controlling weight. (*Id*. at 15). Plaintiff also points to the fact both Drs. Skinner and McDougal opined that he could not return to work and is permanently disabled as evidence supporting a finding of disability. (*Id.* at 11). Plaintiff also points to the deposition testimony of his records reviewer, Dr. Chaney, as supporting a finding of disability. But as discussed below, the ALJ properly considered the opinion evidence.

Pursuant to 20 C.F.R § 404.1527(b), an ALJ must consider every medical opinion presented. A treating source's opinion is entitled to controlling weight if it is "'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)). If a treating source's opinion is not entitled to controlling weight, the ALJ must consider the following factors in order to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. *Id.*

If the ALJ decides not to give controlling weight to the treating doctor, he must "always give good reasons in [the] notice of determination or decision for the weight" given the opinion. 20 C.F.R § 404.1527(c)(2). Pursuant to this provision, a decision denying benefits "must contain

specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544. "The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id*. at 544-45 (citation omitted).

Here, the ALJ carefully considered the medical evidence. (A.R. 18-24). After review of the evidence, he found Plaintiff's treating physicians were not entitled to controlling weight, and he explained the weight he gave their opinions as well as the other opinion evidence of record. Specifically, the ALJ found:

> . . . Although he has been treated for heart and lung conditions, and he has been directed not to return to his work as an underground miner operator, physical examinations repeatedly have shown the claimant's chest is symmetric, with normal respiratory effort and lungs which are clear to auscultation. (Exhibit No. 7F.) In August 2012, treating cardiologist Dr. Skinner assessed the claimant with the abilities to sit at least six hours, and stand/walk about four hours, during an eight-hour workday. Further, he opined the claimant could tolerate low stress work. (Exhibit No. 8F.) December 2012 x-rays of the claimant's chest showed no active disease. (Exhibit No. 20F). In December 2013, Dr. Skinner conducted myocardial perfusion imagining and pharmacologic stress testing. He found normal results, without regional wall motion abnormalities. (Exhibit No. 24F.) Despite diagnosed arthritic conditions, in September 2012 rheumatologist Dr. Pampati found no evidence of acute or active synovitis. He assessed the claimant with only mild diffuse arthralgias, with a history of inflammatory arthritis. (Exhibit No. 10F at 8.) Dr. Pampati's December 2013 physical examination showed the claimant had full range of motion of all joints, without lung or cardiac abnormalities. (Exhibit No. 26F.) Dr. Pampati subsequently assessed the claimant with stable, mildly symptomatic rheumatoid arthritis. (Exhibit Nos. 16F, 21F, 27F.) Finally, the sleep studies conducted throughout this time uniformly diagnosed only mild obstructive sleep apnea, with no more than mild shortness of breath. (Exhibit Nos. 4F, 19F.) Pulmonary function

studies showed no evidence of obstructive lung disease. (Exhibit Nos. 4F, 13F.) In short, the objective medical evidence does not support the severity of the symptoms alleged by the claimant.

. . .

Here, intermediate weight is given to the August 2012 opinion of cardiologist Dr. Skinner, who found the claimant could walk one block at a time, sit at least six hours out of an eight-hour workday, and stand/walk about four hours out of an eight-hour workday. He needed to be able to shift positions at will, but he would not require additional unscheduled breaks. He rarely could lift up to ten pounds. He rarely could twist, stoop, crouch, or climb ladders or stairs. He should avoid all exposure to extreme temperatures, high humidity, wetness, and cigarette smoke. (Exhibit No. 8F). Although the evidence supports Dr. Skinner's August 2012 opinion that the claimant is not disabled from performing all work, the undersigned gives limited weight to Dr. Skinner's opinion insofar as it addresses regarding the severity of the claimant's limitations, as that portion of the opinion is not well supported by the bulk of the evidence in the record. Little weight is give to Dr. Skinner's May 2014 letter asserting that the earlier assessment was intended to show the claimant never can work (Exhibit No. 29F), as that assertion is inconsistent with multiple other statements made by Dr. Skinner in the August 2012 assessment of the claimant's residual functional capacity, as well as inconsistent with the medical evidence of record as a whole.

Little weight is given to Dr. McDougal's reliance on Dr. Skinner's opinion as support for a finding that the claimant is unable to work, as at that time Dr. Skinner had not opined the claimant is disabled from all work. Further, the objective evidence as a whole does not support such a conclusion.

Significant weight is given to the April 2012 opinion of consultative examiner Dr. Burchett, whose diagnostic findings are well supported by the objective record of evidence.

Little weight is given to the May 2013 opinion of Dr. Chaney. He did not have the benefit of examining the claimant and, after carefully reviewing the evidence, the undersigned finds Dr. Chaney's opinions and conclusions largely are based on suppositions which are not well supported by the objective evidence of record. (Exhibit Nos. 17F, 18F).

Significant weight is given to the finding of fact opinion of the state agency medical consultant (Exhibit No. 4A), as the record includes little or no other diagnosis or opinion of the claimant's ability to perform work-related activities. His opinion, like that of any non-examining consultant, is not entitled to controlling weight but must be considered and weighed as that of a highly qualified expert in the evaluation of the

> medical issues in disability claims under the Social Security Act (SSR 96-6p). Here, the consultant's opinion agrees with the overall evidence, with no material inconsistency. The claimant's impairments cause significant limitation but considering the treating and examining source opinions, those limitations are not so severe as to preclude him from being able to meet the demands of basic work activities, and are not contrary to a finding that he has the residual capacity for work at the assigned level.

(A.R. 23-25).

Considering the ALJ's opinion and the entirety of the record, the ALJ did not err in giving the treating providers less than controlling weight. The ALJ explained that he gave Dr. Skinner's August 2012 opinion intermediate weight in the decision because parts of it were consistent with the medical record and Plaintiff's description of his daily activities. In the Plaintiff's hearing before the ALJ, he stated that he could walk a quarter mile every morning and evening, change the oil in his car, ride a 4-wheeler, and attend church and family gatherings. (A.R. 45-49). Dr. Skinner stated that the Plaintiff could "walk one block at a time, sit at least six hours out of an eight-hour workday, and stand/walk about four hours out of an eight hour work day." (A.R. 397-401). Dr. Skinner also indicated that the Plaintiff was able to perform low stress jobs. (*Id.*).

However, the ALJ also explained he was according limited weight to Dr. Skinner's opinion insofar as it addressed the severity of Plaintiff's limitations because it was not well supported by the medical evidence of record. The ALJ further explained he gave little weight to Dr. Skinner's May 2014 letter, finding the statements contained therein were inconsistent with other statements made in Dr. Skinner's original RFC assessment and were also inconsistent with the medical record. (A.R. 24). "The more consistent an opinion is with the record as a whole, the more weight we will give that opinion." 20 C.F.R § 404.1527(c)(4). Therefore, when an opinion conflicts with an earlier opinion and statement, the ALJ may find this as a reason to assign it less weight. *Id.*

Further, Plaintiff argues the ALJ erred in finding Drs. Skinner and McDougal opined Plaintiff could not return to his regular work, failing to recognize that these physicians opined that he should not perform any work and should apply for disability. (R. 11-1, at 12). It is well settled, however, that a physician's opinion that a plaintiff is disabled is entitled to no deference because it is the prerogative of the Commissioner, not the treating physician, to make a disability determination. *See Warner*, 375 F.3d at 390; *see also Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (stating that "no 'special significance' will be given to opinions of disability, even if they come from a treating physician"). Thus, Drs. Skinner's and McDougal's opinion that Plaintiff is disabled does not provide the Court with a basis for finding the ALJ lacked substantial evidence for his decision.

Plaintiff also argues that the ALJ erred in relying on the report of the consultative examiner Dr. Burchett because Dr. Burchett did not opine on Plaintiff's ability to do work related activity, and the ALJ "plugged into the equation his own ideas regarding claimant's work ability." (R. 11-1, at 15). However, it is the responsibility of the ALJ, not physicians, to determine a plaintiff's RFC. *See* 20 C.F.R. § 404.1546(c); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (the ALJ is responsible for assessing a claimant's RFC). The ALJ does not err in assessing the medical and nonmedical evidence before determining a residual functional capacity finding. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). Accordingly, the ALJ did not err in his consideration of Dr. Burchett's findings on consultative examination in making his RFC determination. (A.R. 22-24).

Plaintiff also argues the ALJ erred in giving the opinion of his records reviewer, Dr. Chaney, little weight because he did not examine Plaintiff, yet gave the opinion of the state agency reviewer significant weight when he also did not examine the Plaintiff. (R. 11-1, at 15). A review of the

ALJ's decision, however, reveals that the ALJ explained why he gave Dr. Chaney's opinions little weight and those of the agency reviewer significant weight. (A.R. 25). Specifically, the ALJ found Dr. Chaney's opinions were largely "based on suppositions which are not well supported by the objective evidence of record," and he found the state agency medical consultant's opinion "agree[d] with the overall evidence, with no material inconsistency." (*Id.*). Thus, the ALJ explained his reasoning for the weight he provided these record reviewers.

The record demonstrates the ALJ provided satisfactory reasons as to the level of weight he gave to each medical opinion. Medical evidence and sound reasoning must support the ALJ's decision. In this case, the ALJ has satisfied the requirement set forth in 20 C.F.R § 404.1527(c) and his findings are supported by substantial evidence.

**B. The ALJ did not err in his questioning of the VE.**

Plaintiff argues that the ALJ erred in failing to include essential restrictions in the hypothetical question he posed to the VE. (R. 11-1, at 16). Plaintiff asserts that the fact the ALJ asked only one hypothetical question that did not incorporate the restrictions opined by the treating physicians demonstrates that the ALJ had determined the outcome of the case prior to the hearing and failed to fairly decide the case. (*Id.*).

When the ALJ obtains vocational evidence through the testimony of a VE, the hypothetical questions posed to the VE must accurately portray the claimant's physical and mental limitations. *See Webb*, 368 F.3d at 632; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). It is well established, however, that a hypothetical question need only include those limitations that the ALJ finds credible. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Scott v. Comm'r of Soc. Sec.*, No. 1:14-cv-497, 2015 WL

4247168, at *4 (W.D. Mich. July 13, 2015) (hypothetical posed to VE for step 4 determination needed only to include limitations ALJ identified in plaintiff's RFC).

In the instant case, the ALJ posed the following hypothetical question to the VE:

> We have a hypothetical individual 49 years of age, sixth grade education, says he didn't complete the seventh grade, and doesn't have a GED. Our hypothetical individual could lift 20 pounds occasionally, ten pounds frequently, stand and walk six out of eight [hours], sit six out of eight [hours], and limited to pushing and pulling. Avoid climbing ropes, scaffolds and ladders, but occasionally climb ramps and stairs, balance, kneel, crouch, crawl and stoop. Because of cardiac condition probably should avoid temperature extremes, hazardous machinery, dangerous heights, and because of the breathing probably concentrated dust, fumes, and chemicals would not be advisable.

(A.R. 61). Based on this hypothetical question, the VE opined there were unskilled jobs that such a person could do, including press operator and grading and sorting jobs. (*Id*. at 62).

Plaintiff argues the ALJ erred in not presenting a hypothetical question to the VE that included restrictions imposed on Plaintiff by his treating physicians, including limitations on his ability to push and pull, postural restrictions or limitations regarding work stress. However, as explained above, the ALJ did not find all the restrictions set forth by Plaintiff's treating physicians credible and supported by the record—a decision the undersigned has found to be supported by substantial evidence.

The record establishes that the ALJ considered the record evidence, Plaintiff's testimony, and the opinions of the treating and consulting physicians, and rendered an RFC assessment that included all of the limitations he found credible. The ALJ's hypothetical question posed to the VE was consistent with those limitations set forth in the RFC determination. As the ALJ incorporated the limitations he found to be credible, the VE's opinion constitutes substantial evidence that supports the ALJ's finding in step five of the disability analysis. *See Wilson*, 378 F.3d at 549 ("This court has

held repeatedly that the testimony of a vocational expert identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work.").

**C. ALJ's decision is supported by substantial evidence.**

Plaintiff's final argument is that "[t]he ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence." (R. 11-1, at 2, 17). In this section of his Motion, Plaintiff fails to identify any particular finding or conclusion that he seeks to challenge, aside from the challenges discussed above. Instead, he recites the legal definition for "substantial evidence" and the requirement that the entirety of the record be considered, and argues the record demonstrates he cannot perform even sedentary work on a regular and sustained basis. The Court has already addressed Plaintiff's arguments that the ALJ did not properly weigh the opinion evidence and relied on an inaccurate hypothetical question in determining Plaintiff's RFC, and finds Plaintiff has not adequately developed any additional arguments in this last section of his Motion. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) (declining to formulate arguments on claimant's behalf or undertake an open-ended review of record, and limiting review to arguments raised). Thus, while the argument in this section warrants no additional discussion, the Court notes that its review of the evidence before the ALJ demonstrates the decision is, in fact, supported by substantial evidence. *See Buxton*, 246 F.3d at 772 ("[F]indings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

## IV. CONCLUSION AND RECOMMENDATION

As explained above, the ALJ's decision is supported by substantial evidence and should be affirmed. Accordingly, **IT IS RECOMMENDED** that:

1. The Commissioner's decision be found to be supported by substantial evidence and therefore **affirmed;**

2. Plaintiff's Motion for Summary Judgment (R. 11) be **denied;**

3. Defendant's Motion for Summary Judgment (R. 12) be **granted;** and,

4. Judgment be entered and this matter be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 28th day of February, 2017.




**Signed By:**
***Candace J. Smith***
**United States Magistrate Judge**

J:\DATA\social security\15-189 Shepherd R&R final.wpd